**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**UNITED STATES OF AMERICA**

v.

**MORLIN-MOISES JAENSTCHKE CALERO,**

Defendant.

_____

1:21-cr-00008-WAL-GWC

TO: Donna Rainwater, Esq., AUSA
    Ramon Gonzalez Santiago, Esq.

## ORDER

THIS MATTER is before the Court upon Defendant's unopposed Motion to Adjourn Calendar Call and Request for Time (ECF No. 36).[1] The Government filed a Response indicating no opposition. *See* ECF 37.

Having reviewed the motion and being advised and satisfied with the premises therein, the Court will grant the motion. The calendar call in the above-captioned matter set for September 15, 2021 will be continued to October 15, 2021 and the request for time will be construed as a request for continuance of the jury trial set for October 4, 2021.

---

[1] The Court notes that the motion fails to contain a specific representation, as required by Local Rules of Civil Procedure 7.1—applicable here under Local Rules of Criminal Procedure 1.2 ("In cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply.")—that Plaintiff "sought concurrence in the motion from each party, and that it has been either given or denied." LCRi 7.1(f). However, given defense counsel's statement regarding his mother's death on August 28, 2021, his subsequent COVID-19 diagnosis, and the Government's Response indicting no opposition, the Court will take exception.

*United States v. Calero*
1:21-cr-00008-WAL-GWC
Order
Page 2

Since the information was filed, the parties have been involved in discovery and other negotiations in the hopes of resolving this case. While the Speedy Trial Act of 1974 requires that a defendant be tried "within seventy days from the filing date (and making public) of the information or indictment," 18 U.S.C. § 3161(c)(1) (2008), the Court specifically finds that extending this period would serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A) (2008). Defense counsel makes a request for time since his mother recently died and he is recovering from COVID-19. Counsel needs time to meet with Defendant and to engage in further plea negotiations. Mot. at 1-2. The Government has no objection. ECF No. 37.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d. Cir. 1994) (citing *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . even though a case is not complex.")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1072 (1983) (no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel . . . opportunity to decid[e] upon and prepar[e] an appropriate defense").

Accordingly, it is now hereby **ORDERED**:

*United States v. Calero*
1:21-cr-00008-WAL-GWC
Order
Page 3

1. The Defendant's Motion to Adjourn Calendar Call and Request for Time (ECF No. 36) is **GRANTED**;

2. The calendar call set for September 15, 2021 is **CONTINUED** to October 15, 2021;

3. The jury trial in the above-captioned matter set for October 4, 2021 is **CONTINUED** to a date to be determined at the calendar call on October 15, 2021; and

4. The time beginning from the date of this order granting an extension through the date of jury selection shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

ENTER:

Dated: September 14, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE